UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JEFF MACOMBER,<br><br>　　　　Respondent. | Case No. 2:23-cv-02404-JDP (HC)<br><br>**ORDER**<br><br>SCREENING THE PETITION AND OFFERING LEAVE TO AMEND, AND DENYING PETITIONER'S MOTION TO SUBMIT MATERIALS<br><br>ECF Nos. 1 & 10 |

Petitioner, a state prisoner, brings this action under section 2254 and alleges that his conviction is invalid because the state lacked jurisdiction over him because he is a "public entity" that is incorporated in Idaho. ECF No. 1 at 2. I have reviewed the petition and have determined that it fails to state a viable federal habeas claim. I will give petitioner one opportunity to amend before recommending this action be dismissed. I will also defer ruling on his motion for summary judgment, ECF No. 9, until he files his amended petition and deny his motion to submit materials.

1    The petition is before me for preliminary review under Rule 4 of the Rules Governing
Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine
the habeas petition and order a response to the petition unless it "plainly appears" that the
petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);
*Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

   As stated above, petitioner alleges that the state court of conviction lacked jurisdiction
over him.  ECF No. 1 at 2.  This argument does not give rise to a viable federal habeas claim,
however.  Federal courts have held that, whether a state court has jurisdiction over a person is an
issue of state law.  *See Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of
whether a state court is vested with jurisdiction under state law is a function of the state courts,
not the federal judiciary."); *see also Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996)
("Because a determination of whether a state court is vested with jurisdiction under state law is a
function of the state courts, not the federal judiciary, the decision of the court of appeals
conclusively establishes that the trial court had jurisdiction over Rhode.") (internal quotation
marks and citations omitted).  Plaintiff may address this deficiency in his amended complaint and
explain why, if at all, his petition should proceed past screening.

   It is hereby ORDERED that:

   1. Petitioner may file an amended petition within thirty days of this order's entry.  If he
fails to do so, I will recommend that this action be dismissed.

   2. The Clerk of Court is directed to send petitioner a section 2254 habeas form with this
order.

   3. Petitioner's motion to submit material evidence, ECF No. 10, is denied without
prejudice.  He may submit evidence when and if it becomes necessary to weigh it after he submits
a petition that survives screening.

2

IT IS SO ORDERED.

Dated:  March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE