1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN MARCUS ZINMAN,                    Case No.  2:23-cv-02404-JDP (HC)

12              Petitioner,                   **ORDER**

13      v.                                    GRANTING PETITIONER'S MOTION
                                              FOR EXTENSION OF TIME, DENYING
14   JEFF MACOMBER,                           HIS MOTION TO FILE THE AMENDED
                                              PETITION IN OFFICIAL CAPACITY,
15              Respondent.                   DIRECTING THE CLERK OF COURT TO
                                              ASSIGN A DISTRICT JUDGE TO THIS
16                                            CASE, AND GRANTING LEAVE TO
                                              AMEND THE PETITION
17
                                              ECF Nos. 14 & 15
18
                                              **FINDINGS AND RECOMMENDATIONS**
19
                                              DENYING PETITIONER'S MOTION FOR
20                                            SUMMARY JUDGMENT

21                                            ECF No. 9

22                                            OBJECTIONS DUE WITHIN FOURTEEN
                                              DAYS
23

24

25          Petitioner, a state prisoner, brings this action under section 2254, challenging his state

26   conviction and arguing, *inter alia*, that California Penal Code section 422 is unconstitutional.

27   ECF No. 13 at 5.  The petition is, as explained below, non-cognizable and inadequate to proceed

28   past screening.  I will give petitioner a final opportunity to amend before recommending that this

                                              1

1    action be dismissed.  In so doing, I will grant his motion for extension of time, ECF No. 15, and

2    deny his motion to bring this or any other amended petition in an "official" capacity, ECF No. 14.

3    Finally, I recommend that petitioner's motion for summary judgment be denied without prejudice

4    as premature.

5                                                    Analysis

6            The petition is before me for preliminary review under Rule 4 of the Rules Governing

7    Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

8    the habeas petition and order a response unless it "plainly appears" that the petitioner is not

9    entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

10   *Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

11           As noted above, petitioner has filed an amended petition, ECF No. 13, alongside two

12   motions, one for an extension of time, ECF No. 15, and one seeking to bring the petition in an

13   "official capacity," ECF No. 14.  His motion of extension of time, which I interpret to apply to

14   the already filed amended petition, is granted, and his petition is deemed timely.  I decline,

15   however, to grant his motion to file the petition in his "official" capacity.  ECF No. 14.  Petitioner

16   argues that he should be allowed to bring this action as an active "Government Relations" officer

17   "doing business as American Media Intelligence."  *Id.* at 2.  A non-attorney cannot litigate on

18   behalf of another and, at a more fundamental level, petitioner's attempt to distinguish between his

19   personal capacity and his position as a "Government Relations" officer is irrelevant to this

20   action.[1]  It was petitioner who was convicted in state court, not "American Media Intelligence."

21   And petitioner's attempts to confuse the distinction between his own actions and those of

22   "American Media Intelligence" contribute in large part to the inadequacy of his petition.  In one

23   section, he asserts that he was "tasked with interpreting and executing laws of the United States

24   so as to regulate policy and to advance United States interests by military or diplomatic action . . .

25   ."  ECF No. 13 at 5.  Elsewhere he argues that he has been "engaging in business

26   operations/investigating public corruption since being officially activated . . . ."  *Id.* at 6.  These

27   _____

28           [1] *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("[A] non-lawyer has no
     authority to appear as an attorney for others.").

                                                        2

1   arguments serve only to obscure the substance of his petition.  And his "substantive" arguments

2   attacking the constitutionality of Californian Penal Code 422 are hopelessly convoluted.  Rather

3   than attempt to cite case law or speeches, he should explain, in simple terms, why he believes this

4   section of the California penal code runs afoul of the constitution.

5           I will grant petitioner one final opportunity to amend.  He should explain, in simple and

6   straightforward language, the circumstances surrounding his conviction and why it violated

7   federal law.  In light of the faults of the petition, I necessarily recommend denial of petitioner's

8   motion for summary judgment.  Petitioner can refile his motion when and if respondent is served.

9   *See Est. of Ketschau v. Progressive Direct Ins. Co.*, NO. C23-1676JLR, 2024 U.S. Dist. LEXIS

10  50403, *4 (W.D. Wash. Mar. 19, 2024) ("It is wholly inappropriate to rule on summary judgment

11  before service of the complaint, as [defendant] has neither received notice of nor had an

12  opportunity to defend in this action.").

13          Accordingly, it is ORDERED that:

14          1.  Petitioner may file an amended petition within thirty days of this order's entry.  If he

15              fails to do so, I will recommend that this action be dismissed.

16          2.  The Clerk of Court is directed to send petitioner a section 2254 habeas form with this

17              order.

18          3.  The Clerk of Court is directed to assign a district judge to this action.

19          4.  Petitioner's motion for extension of time, ECF No. 15, is GRANTED, and his motion

20              to file his petition in official capacity, ECF No. 14, is DENIED.

21          Further, it is RECOMMENDED that petitioner's motion for summary judgment, ECF No.

22  9, be DENIED without prejudice as premature.

23          These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28  objections shall be served and filed within fourteen days after service of the objections.  The

3

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

3   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

    IT IS SO ORDERED.

5

6

    Dated:    June 27, 2024                    _____

7                                             JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28