UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>            Petitioner,<br><br>      v.<br><br>JEFF MACOMBER,<br><br>            Respondent. | Case No.  2:23-cv-02404-TLN-JDP (HC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PETITIONER'S MOTION TO VACATE BE DENIED<br><br>ECF No. 25<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Petitioner, a state prisoner proceeding pro se, brought this case in October 2023.  ECF No. 1.  On September 9, 2024, before any of his petitions were adequate to survive screening, he moved to voluntarily dismiss this case.  ECF No. 22.  Then, on September 30, 2024, he filed a motion to vacate, arguing that the entry of voluntary dismissal should be vacated, and this case should proceed under a theory that Cal. Penal Code § 422 is unconstitutional.  ECF No. 25.  This motion to vacate should be denied because petitioner's argument as to this provision is incorrect.

California Penal Code § 422 provides:

> Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so

1

> unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison.

Cal. Penal Code § 422.  Plaintiff attacks the provision in an argument that is difficult to understand.  He claims that it is more "definitive" than its federal counterpart (though he does not identify the specific federal statute to which he is comparing it) while simultaneously claiming that it is incomplete insofar as it does not include an element of "imminent lawless activity." ECF No. 25 at 2.  He also argues that the provision includes only "less courageous people for protection" and that it is possible to be unprotected by this law if one is "brave." *Id.*  These arguments are, frankly, not worthy of discussion.  Challenges to this provision for vagueness have been rejected in other federal courts.  *See Ray v. Clark*, No. CV 08-2847-R (PLA), 2011 U.S. Dist. LEXIS 94870, *49-54 (C.D. Cal. Jul. 19, 2011).  And there is no indication that this claim has been exhausted in state court before being raised here.  Finally, if plaintiff wishes to pursue any exhausted habeas claims, he may do so by filing a new habeas action on a proper form.  It is a waste of judicial resources to close cases at a petitioner's request, only to reopen them weeks later when petitioner declares, as he does in his motion, that the voluntary dismissal was an attempt to obtain "a tactical position within an adversarial environment."  ECF No. 25 at 1.

Accordingly, it is RECOMMENDED that the motion to vacate, ECF No. 25, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 7, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE