UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>Respondent. | Case No.  2:23-cv-2404-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, brought this action under section 2254 challenging his state conviction. ECF No. 20. His initial petitions failed to withstand screening. ECF Nos. 11 & 16. After the second amended petition was filed but before it was screened, petitioner moved to voluntarily dismiss the case. ECF No. 22. He stated that "[he] simply changed his mind and has no interest in prosecuting any cases whatsoever." *Id.* at 1. The case was closed pursuant to that request on September 13, 2024. ECF No. 23. Then, in late September, petitioner filed a notice of intent to file a preliminary injunction, ECF No. 24, and a motion to vacate the closing of the case, ECF No. 25, arguing that the case should proceed on a theory that California Penal Code section 422 is unconstitutional. *Id.* at 2. I recommended that the motion to vacate be denied, ECF No. 26, because his argument was legally flawed and there was no indication it had been exhausted in

1

1  state court. *Id.* at 1-2.  Those recommendations were adopted by the district judge.  ECF No. 32.

2  Now, petitioner has filed a motion for "reconsideration re improper venue/jurisdiction"
3  wherein he argues that California lacked subject matter and personal jurisdiction over him during
4  his state criminal proceedings.  ECF No. 33 at 1.  He then proceeds to recite various background
5  facts and persists in arguing that California Penal Code section 422 is unconstitutional.  *Id.* at 4.
6  This motion should be denied.  A grant of a motion to amend or alter judgment under Rule 59(e)
7  is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of
8  judicial resources."  *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)
9  (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A
10 motion to amend or alter judgment should be granted only where a court "'is presented with
11 newly discovered evidence, committed clear error, or if there is an intervening change in the
12 controlling law.'"  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)
13 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

14 Here, petitioner's motion fails to identify newly discovered evidence, clear error, or an
15 intervening change in the controlling law.  Instead, the motion is nothing more than restatements
16 of arguments that he made in earlier iterations of his habeas petition.  At a more fundamental
17 level, the motion fails to identify what order petitioner seeks to have reconsidered.  The dismissal
18 of this case was not premised on a rejection of arguments concerning venue or jurisdiction, as
19 petitioner's motion to vacate his voluntary dismissal did not raise those arguments.  ECF No. 25
20 at 1-2.  Finally, it was petitioner's decision to voluntarily dismiss this case.  In my previous
21 recommendations, I informed petitioner that claims regarding this conviction could be raised only
22 by filing a new habeas case.  ECF No. 26 at 2.  It is a waste of judicial resources to permit
23 petitioner to continue filing piecemeal arguments after he already elected to dismiss this case.

24 Accordingly, it is hereby RECOMMENDED that petitioner's motion for reconsideration,
25 ECF No. 33, be DENIED.  Any future filings by petitioner in this action will be disregarded.

26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28 after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE